IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY P. HELLER<br>221 Dutton Mill Road<br>Brookhaven, PA 19015<br>        Plaintiff,<br>v.<br><br>BROOKHAVEN BOROUGH<br>2 Cambridge Road, Suite 100<br>Brookhaven, PA 19015<br>AND<br>MICHAEL L. VICE, CHIEF OF POLICE<br>(In His Official Capacity)<br>2 Cambridge Road, Suite 100<br>Brookhaven, PA 19015<br><br>        Defendants. | CIVIL ACTION<br><br>NO.:<br><br>JURY TRIAL OF 12 PERSONS DEMANDED |

## COMPLAINT
### PARTIES

1. Plaintiff, Terry P. Heller, is an adult individual residing in Delaware County, Pennsylvania, and at all times relevant was a duly elected member of the Brookhaven Borough Council. Plaintiff, resides at

2. Defendant, Brookhaven Borough, is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania, responsible for the actions of its police department and its agents, including Chief of Police Michael L. Vice.

3. Defendant, Michael L. Vice, is an adult individual who at all relevant times was Chief of Police for Brookhaven Borough, acting under color of state law. He is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

4. This action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, and 1986, to redress the deprivation under color of state law of rights secured by the Constitution.

5. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper under 28 U.S.C. § 1391(b), as all events occurred within this District.

## FACTUAL ALLEGATIONS

7. On March 8, 2024, Brookhaven Borough Police executed on a conspiracy to have Brookhaven Borough Council President, Terry Heller, convicted of the crime of Driving Under the Influence of alcohol.

8. In furtherance of the conspiracy and plan, and at Defendant Vice's direction, Brookhaven Officer Joseph Pastuszek, accessed a law enforcement-only technology known as "VIPR" to locate Plaintiff's vehicle in Brookhaven Borough using Plaintiff's license plate number.  This occurred on the evening of March 8, 2024, at approximately 11:14 P.M., as is evident from the Brookhaven Police Department's VIPR Audit Log History Report:

6/27/24, 4:44 PM — VIPR.ai

**Audit Log: Entries**

| Username | Event Type | Date/Time | IP Address | Details |
|---|---|---|---|---|
| Michael Vice<br>chiefvice@brookhavenpolice.com | Search Read | 03/11/24 07:40 AM | 71.162.181.186 | Date range start: 03/04/2024 06:40:31 AM<br>Date range end: 03/11/2024 07:40:31 AM<br>Plate: MHA4192 |
| Orabi Youssef<br>oyoussef@brookhavenpolice.com | Search Read | 03/08/24 11:24 PM | 166.137.175.60 | Date range start: 03/07/2024 11:24:44 PM<br>Date range end: 03/08/2024 11:24:44 PM<br>Plate: MHA4192 |
| Orabi Youssef<br>oyoussef@brookhavenpolice.com | Search Read | 03/08/24 11:24 PM | 166.137.175.60 | Date range start: 03/08/2024 11:09:30 PM<br>Date range end: 03/08/2024 11:24:30 PM<br>Plate: MHA4192 |
| Joe Pastuszek<br>jpastuszek@brookhavenpolice.com | Search Read | 03/08/24 11:14 PM | 166.137.175.45 | Date range start: 03/07/2024 11:14:56 PM<br>Date range end: 03/08/2024 11:14:56 PM<br>Plate: MHA4192 |
| Michael Connor<br>mconnor@brookhavenpolice.com | Entry Delete | 03/03/24 01:09 PM | 71.162.181.186 | Entry ID: 8232363e-1372-40f8-bd9a-2a04192c2c0e<br>Plate: 3836060<br>Plate region: US-PA<br>Alert type: Intel<br>Expiration: 2592000<br>Hotlist: BPD2.0<br>Notes: Fraudulent temporary registration |

9. In furtherance of the conspiracy and plan, and at Defendant Vice's direction, Brookhaven Officer Orabi Youssef, also accessed the VIPR system and located the Plaintiff's vehicle using his license plate number. This occurred on the same date, at 11:24 P.M, as is evident from the Brookhaven Police Department's VIPR Audit Log History Report:

| Username | Event Type | Date/Time | IP Address | Details |
|---|---|---|---|---|
| Michael Vice chiefvice@brookhavenpolice.com | Search Read | 03/11/24 07:40 AM | 71.162.181.186 | Date range start: 03/04/2024 06:40:31 AM Date range end: 03/11/2024 07:40:31 AM Plate: MHA4192 |
| Orabi Youssef oyoussef@brookhavenpolice.com | Search Read | 03/08/24 11:24 PM | 166.137.175.60 | Date range start: 03/07/2024 11:24:44 PM Date range end: 03/08/2024 11:24:44 PM Plate: MHA4192 |
| Orabi Youssef oyoussef@brookhavenpolice.com | Search Read | 03/08/24 11:24 PM | 166.137.175.60 | Date range start: 03/08/2024 11:09:30 PM Date range end: 03/08/2024 11:24:30 PM Plate: MHA4192 |
| Joe Pastuszek jpastuszek@brookhavenpolice.com | Search Read | 03/08/24 11:14 PM | 166.137.175.45 | Date range start: 03/07/2024 11:14:56 PM Date range end: 03/08/2024 11:14:56 PM Plate: MHA4192 |
| Michael Connor mconnor@brookhavenpolice.com | Entry Delete | 03/03/24 01:09 PM | 71.162.181.186 | Entry ID: 8232363e-1372-40f8-bd9a-2a04192c2c0e Plate: 3836060 Plate region: US-PA Alert type: Intel Expiration: 2592000 Hotlist: BPD2.0 Notes: Fraudulent temporary registration |

10.     Using this information, Officers Pastuszek and Youssef violated Plaintiff's rights under Commonwealth of Pennsylvania and Federal Law by stalking him and locating his Plaintiff's vehicle at or near a restaurant property at 4750 Edgemont Avenue, Brookhaven, PA 19015.

11.     On March 8, 2024 at 11:49 P.M., 25 minutes after stalking Plaintiff to his location, Officer Youssef conducted an illegal, unconstitutional and targeted traffic stop of Plaintiff's vehicle near 4900 Edgmont Avenue as is evident from Officer Youssef's report of the incident:

> **Main Narrative**
> **OFFICER ORABI YOUSSEF (2726)**
>
> 03/08/2024 @ 23:49 HRS - OFFICER ORABI YOUSSEF          BADGE 2726
>
> On Friday, March 8, 2024, at approximately 2349 hours, while on stationary patrol in the 4800 block of Edgmont Avenue, I, Officer Youssef, observed a 2021 Toyota Prius bearing Pennsylvania registration MHA4192 exiting the passageway between the Wawa and Burger King parking lots, traveling northbound in the 4700 block of Edgmont Avenue. As the vehicle made the right turn onto Edgmont Avenue, it entered the outermost left lane of travel instead of turning into the curb lane. Subsequently, I positioned my patrol vehicle behind the Toyota Prius. The vehicle then made a sudden left turn into the Shoppes of Brookhaven by traveling through a steady red light at the intersection of Edgmont Avenue and Whitely Road.

12. The stop was pretextual and retaliatory: officers fabricated suspicion of DUI and detained Plaintiff despite a preliminary breath test of 0.059 and later blood alcohol results below the legal limit.

13. During the stop, officers searched Plaintiff's person and vehicle, confiscated cigarettes, seized Plaintiff's firearm, and transported him to a hospital for a blood draw without probable cause.

14. Officers, Vice, Pastuszek and Youssef, intentionally targeted Plaintiff due to Plaintiff's role in voting against a pay increase for Officer Youssef just four (4) days prior to the illegal arrest.

15. The Delaware County District Attorney's Office and CID refused to file DUI charges, finding Plaintiff's blood alcohol was below the legal limit.

16. Despite this, Plaintiff was subjected to public humiliation, reputational damage, defamation and slander, as the police report and subsequent dissemination falsely branded him as a drunk driver and criminal as is evident by Defendant Vice's public statement:

 

**Brookhaven Borough Police Department**

**For Immediate Release**

Officer-In-Charge: Michael L. Vice, Chief of Police
Location: 2 Cambridge Road, Suite 200, Brookhaven, PA 19015
610-876-6142

Date and Time of News Release: March 26, 2024  3:30 p.m.

Incident Number: 2403092015

Date and Time of Incident: 3-8-2024 at 11:49 pm

Location of Incident: 4900 Edgmont Avenue, Brookhaven, PA

Department Spokesperson: Michael L. Vice, Chief of Police

On Friday March 8, 2024, Brookhaven Borough Police Department conducted a traffic stop in the 4900 block of Edgmont Avenue, for traffic violations. During the traffic stop the Officer detected the odor of an alcoholic beverage on the vehicle operator's breath and person. As a result, the operator, identified as Terry P. Heller, was requested to submit to field sobriety testing. At the conclusion of the field sobriety testing, it was determined Mr. Heller did not satisfactorily complete the tests, and he was subsequently arrested for the suspicion of DUI.

Mr. Heller was transported to a local hospital for the purpose of a blood test. He was released to a responsible party upon leaving the hospital. I contacted the Delaware County District Attorney's Office and requested that they take over the investigation, and they agreed.

On today's date, I received the findings of the Delaware County Criminal Investigation Divisions investigation. The findings are that Probable Cause existed for the arrest for suspicion of Driving Under The Influence. The blood analysis results came back slightly under the legal limit.

As a result, the investigation has been closed by the Delaware County Criminal Investigation Division and Mr. Heller will not be charged criminally with DUI. He will be issued traffic violations for the summary vehicle code violations by our police department.

As I have stated, I fully support the traffic stop and the proper actions that were taken by our Officer. The Officers actions were appropriate, within the guidelines of departmental policy, and that of the Pennsylvania Vehicle Code.

Criminal charges, and any discussion thereof, are allegations and all defendants are presumed innocent unless and until proven guilty.

17. This information release was published by online posting to the Brookhaven Police Department's Facebook page by Defendant Vice with actual malice and the intent to cause reputational harm and to slander and defame Plaintiff using false statements.

18. The false information in the release included the presence of an "*odor of alcoholic beverage on the vehicle operator's breath and person*", another false statement was that "*it was determined Mr. Heller did not satisfactorily complete the tests.*"

19. The false information was posted on Facebook with actual malice and the intent to elicit and amplify further slander and defamation of Plaintiff's character and reputation.

20. Defendants' intent to cause reputational harm is evident from the Brookhaven Police Department's online conduct in response to comments from members of the community who questioned the truth and accuracy of the Defendant's statement:








21.     Defendant, via Defendant, Vice, generated over 64 responses via emoji.

22.     Defendant, via Defendant, Vice, published another false statement that "*body cameras don't lie*" with an emoji, thereby publishing information known to Defendants to be false, specifically, that Plaintiff had committed a crime.

23.     Defendants acted under color of state law, with intentional malice to violate Plaintiff's constitutional rights.

24. Prior to Plaintiff's unlawful arrest, Defendant, Brookhaven Borough, was aware that Chief Vice had previously used the VIPR system to stalk Brookhaven Officer, Brent Roller, and illegally surveil him while he was out of work due to an injury.

25. Despite knowledge of Chief Vice's continuing illegal conduct Defendant, Brookhaven Borough failed to take action to end the conduct and failed to protect the rights of Borough citizens, including Plaintiff.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of Civil Rights – 42 U.S.C. § 1983
### (Fourth and Fourteenth Amendments – Unlawful Seizure and Retaliation)

26. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

27. Defendant, through its police department and Chief Vice, violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures by initiating a traffic stop without probable cause or reasonable suspicion.

28. Defendant further violated Plaintiff's First and Fourteenth Amendment rights by engaging in retaliatory conduct against an elected official in response to perceived political or personal disputes.

29. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

30. As a direct and proximate result of the unconstitutional conduct of Defendant, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

**COUNT II – 42 U.S.C. § 1983**
**Violation of the First Amendment**

31. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32. Defendant, through its police department and Chief Vice, violated Plaintiff's First amendment right by retaliating against Plaintiff due to his status as Borough Council President and due to his recent votes against a Police Department pay increase.

33. More particularly due to certain of Plaintiff's decisions made as Council President which impacted the Police Department and Chief Vice personally.

34. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

35. As a direct and proximate result of the unconstitutional conduct of Defendant, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

**COUNT III – 42 U.S.C. § 1983**
**Violation of the Fourteenth Amendment**

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. Defendant, through its police department and Chief Vice, violated Plaintiff's Fourteenth Amendment rights in an arbitrary and malicious manner.

38. Defendants deprived Plaintiff of his liberty.

39. Defendants deprived Plaintiff of the right to be treated equally under the law as would any other similarly situated citizen.

40. Defendants intentionally retaliated against Plaintiff due to his status as Borough Council President.

41. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

42. As a direct and proximate result of the unconstitutional conduct of Defendant, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

### COUNT IV – 42 U.S.C. § 1983
### Defamation/Stigma-Plus

43. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

44. Defendant, through its police department and Chief Vice, falsely accused and defamed Plaintiff by stating Plaintiff committed the offense of Driving Under the Influence of alcohol when no such offense occurred and when Plaintiff was charged with no crime.

45. Defendants intentionally falsely stigmatized Plaintiff online and in news sources with the intent to damage his reputation, political career and standing in the community.

46. Plaintiff has suffered stigmatization, defamation, reputational injury, and loss of standing in his community as a result of Defendants intentional actions.

47. Plaintiff has suffered a material state-imposed burden and alteration of his status and rights in his professional and personal status and positions.

48. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

49. As a direct and proximate result of the unconstitutional conduct of Defendant, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

## COUNT V – 42 U.S.C. § 1983
### Conspiracy

50. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

51. Defendants conspired to unlawfully stop, arrest, and defame Plaintiff in violation of his constitutional rights.

52. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

53. As a direct and proximate result of the unconstitutional conduct of Defendant, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

## COUNT VI – 42 U.S.C. § 1985(3)

54. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

55. Defendants conspired to unlawfully stop, arrest, and defame Plaintiff, a local official, in violation of his constitutional rights.

56. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

57. As a direct and proximate result of the unconstitutional conduct of Defendant, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

## COUNT VII – 42 U.S.C. § 1986

58. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

59. Defendants conspired to unlawfully stop, arrest, and defame Plaintiff, a local official, in violation of his constitutional rights.

60. Defendant Borough and its policymakers knew of the conspiracy and had power to prevent it but failed, neglected and refused to do so.

61. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

62. As a direct and proximate result of the unconstitutional conduct of Defendant, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

## DAMAGES

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered emotional distress and humiliation; loss of reputation and standing in the community; fear, anxiety, and invasion of privacy; and financial and political harms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant;
2. Award compensatory damages in an amount to be determined at trial and in an amount in excess of the limits of compulsory arbitration;
3. Award punitive damages against Defendant for willful and malicious misconduct;
4. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
5. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

KENNETH R. SCHUSTER & ASSOCIATES, P.C.

*/S/ Justin M. Bernstein*
JUSTIN M. BERNSTEIN, ESQUIRE
*Attorney for Plaintiff, Terry Heller*
334 W. Front Street
Media, PA 19063
PA ID: 314029

LAW OFFICES OF MARK P. MUCH, P.C.

*/S/ Christopher R. Boggs*
CHRISTOPHER R. BOGGS, ESQUIRE
*Attorney for Plaintiff, Terry Heller*
341 W. Baltimore Avenue
Media, PA 19063
PA ID: 307771

Date: September 26, 2025