**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERRY P. HELLER<br>221 Dutton Mill Road<br>Brookhaven, PA 19015<br>　　　　　Plaintiff,<br>v.<br><br>BROOKHAVEN BOROUGH<br>2 Cambridge Road, Suite 100<br>Brookhaven, PA 19015<br>AND<br>MICHAEL L. VICE, CHIEF OF POLICE<br>(In His Official Capacity)<br>2 Cambridge Road, Suite 100<br>Brookhaven, PA 19015<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>NO.: 25-cv-5550<br><br>JURY TRIAL OF 12 PERSONS<br>DEMANDED |

**AMENDED COMPLAINT
PARTIES**

1.      Plaintiff, Terry P. Heller, is an adult individual residing in Delaware County, Pennsylvania, and at all times relevant was a duly elected member of the Brookhaven Borough Council.  Plaintiff, resides at

2.      Defendant, Brookhaven Borough, is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania, responsible for the actions of its police department and its agents, including Chief of Police Michael L. Vice.

3.      Defendant, Michael L. Vice, is an adult individual who at all relevant times was Chief of Police for Brookhaven Borough, acting under color of state law. He is sued in both his individual and official capacities.

**JURISDICTION AND VENUE**

4.     This action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, and 1986, to redress the deprivation under color of state law of rights secured by the Constitution.

5.     Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

6.     Venue is proper under 28 U.S.C. § 1391(b), as all events occurred within this District.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

7.     On March 8, 2024, Brookhaven Borough Police executed on a conspiracy to have Brookhaven resident and Brookhaven Borough Council President, Terry Heller, convicted of the crime of Driving Under the Influence of alcohol.

8.     In furtherance of the conspiracy and plan, and at Defendant Vice's direction, Brookhaven Officer Joseph Pastuszek, accessed a law enforcement-only technology known as "VIPR" to locate Plaintiff's vehicle in Brookhaven Borough using Plaintiff's license plate number.  This occurred on the evening of March 8, 2024, at approximately 11:14 P.M., as is evident from the Brookhaven Police Department's VIPR Audit Log History Report:

6/27/24, 4:44 PM

VIPR.ai

**Audit Log: Entries**

| Username | Event Type | Date/Time | IP Address | Details |
|---|---|---|---|---|
| Michael Vice<br>chiefvice@brookhavenpolice.com | Search Read | 03/11/24 07:40 AM | 71.162.181.186 | Date range start: 03/04/2024 06:40:31 AM<br>Date range end: 03/11/2024 07:40:31 AM<br>Plate: MHA4192 |
| Orabi Youssef<br>oyoussef@brookhavenpolice.com | Search Read | 03/08/24 11:24 PM | 166.137.175.60 | Date range start: 03/07/2024 11:24:44 PM<br>Date range end: 03/08/2024 11:24:44 PM<br>Plate: MHA4192 |
| Orabi Youssef<br>oyoussef@brookhavenpolice.com | Search Read | 03/08/24 11:24 PM | 166.137.175.60 | Date range start: 03/08/2024 11:09:30 PM<br>Date range end: 03/08/2024 11:24:30 PM<br>Plate: MHA4192 |
| Joe Pastuszek<br>jpastuszek@brookhavenpolice.com | Search Read | 03/08/24 11:14 PM | 166.137.175.45 | Date range start: 03/07/2024 11:14:56 PM<br>Date range end: 03/08/2024 11:14:56 PM<br>Plate: MHA4192 |
| Michael Connor<br>mconnor@brookhavenpolice.com | Entry Delete | 03/03/24 01:09 PM | 71.162.181.186 | Entry ID: 8232363e-1372-40f8-bd9a-2a04192c2c0e<br>Plate: 3836060<br>Plate region: US-PA<br>Alert type: Intel<br>Expiration: 2592000<br>Hotlist: BPD2.0<br>Notes: Fraudulent temporary registration |

9.      In furtherance of the conspiracy and plan, and at Defendant Vice's direction, Brookhaven Officer Orabi Youssef, also accessed the VIPR system and located the Plaintiff's vehicle using his license plate number.  This occurred on the same date, at 11:24 P.M, as is evident from the Brookhaven Police Department's VIPR Audit Log History Report:

6/27/24, 4:44 PM  VIPR.ai

**Audit Log: Entries**

| Username | Event Type | Date/Time | IP Address | Details |
|---|---|---|---|---|
| Michael Vice<br>chiefvice@brookhavenpolice.com | Search Read | 03/11/24 07:40 AM | 71.162.181.186 | Date range start: 03/04/2024 06:40:31 AM<br>Date range end: 03/11/2024 07:40:31 AM<br>Plate: MHA4192 |
| Orabi Youssef<br>oyoussef@brookhavenpolice.com | Search Read | 03/08/24 11:24 PM | 166.137.175.60 | Date range start: 03/07/2024 11:24:44 PM<br>Date range end: 03/08/2024 11:24:44 PM<br>Plate: MHA4192 |
| Orabi Youssef<br>oyoussef@brookhavenpolice.com | Search Read | 03/08/24 11:24 PM | 166.137.175.60 | Date range start: 03/08/2024 11:09:30 PM<br>Date range end: 03/08/2024 11:24:30 PM<br>Plate: MHA4192 |
| Joe Pastuszek<br>jpastuszek@brookhavenpolice.com | Search Read | 03/08/24 11:14 PM | 166.137.175.45 | Date range start: 03/07/2024 11:14:56 PM<br>Date range end: 03/08/2024 11:14:56 PM<br>Plate: MHA4192 |
| Michael Connor<br>mconnor@brookhavenpolice.com | Entry Delete | 03/03/24 01:09 PM | 71.162.181.186 | Entry ID: 8232363e-1372-40f8-bd9a-2a04192c2c0e<br>Plate: 3836060<br>Plate region: US-PA<br>Alert type: Intel<br>Expiration: 2592000<br>Hotlist: BPD2.0<br>Notes: Fraudulent temporary registration |

10.     Using this information, Officers Pastuszek and Youssef violated Plaintiff's rights under Commonwealth of Pennsylvania and Federal Law by using VIPR to identify his vehicle's recent location to locate and stalk Plaintiff and surveil Plaintiff's vehicle at or near a restaurant property at 4750 Edgmont Avenue, Brookhaven, PA 19015.

11.     On March 8, 2024 at 11:49 P.M., 25 minutes after stalking Plaintiff to his location, Officer Youssef conducted an illegal, unconstitutional and targeted traffic stop of Plaintiff's vehicle near 4900 Edgmont Avenue as is evident from Officer Youssef's report of the incident:

| Main Narrative |
|---|
| **OFFICER ORABI YOUSSEF (2726)** |

03/08/2024 @ 23:49 HRS - OFFICER ORABI YOUSSEF          BADGE 2726

   On Friday, March 8, 2024, at approximately 2349 hours, while on stationary patrol in the 4800 block of Edgmont Avenue, I, Officer Youssef, observed a 2021 Toyota Prius bearing Pennsylvania registration MHA4192 exiting the passageway between the Wawa and Burger King parking lots, traveling northbound in the 4700 block of Edgmont Avenue. As the vehicle made the right turn onto Edgmont Avenue, it entered the outermost left lane of travel instead of turning into the curb lane. Subsequently, I positioned my patrol vehicle behind the Toyota Prius. The vehicle then made a sudden left turn into the Shoppes of Brookhaven by traveling through a steady red light at the intersection of Edgmont Avenue and Whitely Road.

12.     At no time did Plaintiff violate any traffic law, and he did not make any sudden turns, he did not make any improper turns into other lanes, and he did not drive through a red light as is falsely stated in the report.

13.     The stop was pretextual and retaliatory: officers fabricated suspicion of DUI and detained Plaintiff despite a preliminary breath test of 0.059 and later blood alcohol results below the legal limit.

14.     During the stop, officers searched Plaintiff's person and vehicle, confiscated cigarettes, seized Plaintiff's firearm, and transported him to a hospital for a blood draw without probable cause.

15.     Officers, Vice, Pastuszek and Youssef, intentionally targeted Plaintiff due to Plaintiff's role in voting against a pay increase for Officer Youssef just four (4) days prior to the illegal arrest.

16.     Defendant, Vice, Pastuszek and Youssef communicated and conspired to locate and target Plaintiff's vehicle to generate a traffic stop and DUI arrest due to Plaintiff's then-recent role, as a citizen of Brookhaven, in investigating and communicating with others Brookhaven residents regarding reports against Defendant Vice and the Police Department of significantly increased rates of DUI arrests and towed vehicles; and reports of dismissal of Brookhaven Police's DUI prosecutions by prosecutors and/or courts.

17.    As such, as a resident and motorist of Brookhaven Borough, Plaintiff was treated differently from other similarly situated individuals without a rational basis for differential treatment.

18.    Officers Pastuszek and Youssef communicated via electronic communication device with Defendant Vice from the scene of Plaintiff's arrest and Defendant Vice ordered the investigation, arrest and prosecution of the Plaintiff.

19.    The Delaware County District Attorney's Office and Criminal Investigation Division refused to file DUI charges against Plaintiff, finding Plaintiff's blood alcohol was below the legal limit.

20.    Despite this, Plaintiff was subjected to public humiliation, reputational damage, defamation and slander, as the police report and subsequent dissemination falsely branded him as a drunk driver and criminal as is evident by Defendant Vice's public statement:

 

**Brookhaven Borough Police Department**

**For Immediate Release**

Officer-In-Charge:  Michael L. Vice
Chief of Police

Date and Time of    March 26, 2024
News Release:       3:30 p.m.

Location:  2 Cambridge Road, Suite 200
Brookhaven, PA 19015
610-876-6142

Incident Number: 2403092015

Date and Time of Incident:   3-8-2024  at 11:49 pm

Location of Incident:        4900 Edgmont Avenue, Brookhaven, PA

Department Spokesperson:     Michael L. Vice, Chief of Police

On Friday March 8, 2024, Brookhaven Borough Police Department conducted a traffic stop in the 4900 block of Edgmont Avenue, for traffic violations. During the traffic stop the Officer detected the odor of an alcoholic beverage on the vehicle operator's breath and person. As a result, the operator, identified as Terry P. Heller, was requested to submit to field sobriety testing. At the conclusion of the field sobriety testing, it was determined Mr. Heller did not satisfactorily complete the tests, and he was subsequently arrested for the suspicion of DUI.

Mr. Heller was transported to a local hospital for the purpose of a blood test. He was released to a responsible party upon leaving the hospital. I contacted the Delaware County District Attorney's Office and requested that they take over the investigation, and they agreed.

On today's date, I received the findings of the Delaware County Criminal Investigation Divisions investigation. The findings are that Probable Cause existed for the arrest for suspicion of Driving Under The Influence. The blood analysis results came back slightly under the legal limit.

As a result, the investigation has been closed by the Delaware County Criminal Investigation Division and Mr. Heller will not be charged criminally with DUI. He will be issued traffic violations for the summary vehicle code violations by our police department.

As I have stated, I fully support the traffic stop and the proper actions that were taken by our Officer. The Officers actions were appropriate, within the guidelines of departmental policy, and that of the Pennsylvania Vehicle Code.

Criminal charges, and any discussion thereof, are allegations and all defendants are presumed innocent unless and until proven guilty.

21.    This information release was published by online posting to the Brookhaven Police Department's Facebook page by Defendant Vice with actual malice and the intent to cause reputational harm and to slander and defame Plaintiff using false statements.

22.    The false information in the release included the presence of an "*odor of alcoholic beverage on the vehicle operator's breath and person*", another false statement was that "*it was determined Mr. Heller did not satisfactorily complete the tests.*"

23.     The false information was posted on Facebook with actual malice and the intent to elicit and amplify further slander and defamation of Plaintiff's character and reputation.

24.     Defendants' intent to cause reputational harm is evident from the Brookhaven Police Department's online conduct in response to comments from members of the community who questioned the truth and accuracy of the Defendant's statement:









25.    Defendant, via Defendant, Vice, generated over 64 responses via emoji.

26.    Defendant, via Defendant, Vice, published another false statement that "*body cameras don't lie*" with an emoji, thereby publishing information known to Defendants to be false, specifically, that Plaintiff had committed a crime.

27.    Defendant, Brookhaven Borough approved and ratified the statements made by Defendant, Vice, in the Press Release and Facebook Posts and therefore his actions and those of the Police Department and therefore Brookhaven Borough took no action to

remove or alter the published statements despite knowledge of Defendant Vice's continued engagement with Facebook users regarding Plaintiff's discontinued criminal prosecution on behalf of the Brookhaven Police Department.

28.    Defendants acted under color of state law, with intentional malice to violate Plaintiff's constitutional rights.

29.    Prior to Plaintiff's unlawful arrest, Defendant, Brookhaven Borough, was aware that Chief Vice had previously used the VIPR system to stalk Brookhaven Officer, Brent Roller in approximately December of 2023, and illegally surveil him while he was out of work due to an injury.

30.    Further, prior to Plaintiff's arrest, Brookhaven Borough was aware that another officer assisted Chief Vice to access VIPR multiple times to locate and stalk officer Brent Roller to determine whether officer Roller visited his local gym on days that he was out of work and on injured-on-duty status.

31.    Despite knowledge of Chief Vice's continuing illegal conduct Defendant, Brookhaven Borough failed to take action to end the conduct and failed to protect the rights of Borough citizens, including Plaintiff.

32.    Defendant, Borough of Brookhaven failed to develop or implement any written policy or procedure or training information regarding the use of VIPR.

33.    Further, Defendant, Borough of Brookhaven failed to develop or implement an adequate policy providing for an adequate means of reporting harassment, discrimination, threats or other inappropriate conduct within the Police Department when the alleged wrongdoer is the Chief of Police or has a close relationship with the Chief.

34. Instead, Brookhaven Borough, including through Council Members, Daniel Burke, Nora Fulvio and Mayor Denise Leslie, provided the moving force to Defendant Vice and the Police Department to continue the unlawful use of VIPR to locate and identify specific individuals within Brookhaven by approving its use with knowledge that it was being used in an unauthorized and unlawful manner and would be so used in the future.

35. At all relevant times, Mr. Burke, Ms. Fulvio and Ms. Leslie were decision makers on behalf of the Borough of Brookhaven and had final authority to develop, implement and enforce training requirements, polices and procedures for the lawful and appropriate use of VIPR by Defendant Vice and the Police Department.

36. However, despite knowledge of its unauthorized use, and despite the obvious need for training and regulations to avoid constitutional violations, Defendant Borough of Brookhaven was deliberately indifferent thereto and did not develop or implement any guardrails, policies or procedures governing the use of VIPR by Vice or Brookhaven Police and therefore created a custom at Brookhaven Borough that was permanent and well settled.

37. Defendant, Brookhaven Borough's authorization and approval of the actions of Defendant Vice and the Police Department caused Vice and the Police Department to use VIPR to locate and stalk individuals within Brookhaven with impunity.

38. At all relevant times, Defendant, Vice, as Chief of Police, asserted total control over all conduct and decisions of the Police Department and its officers including by formulating all policies and procedures, compiling employee handbooks and with enforcement of Borough and Police Department rules and regulations.

39.     Defendant, Borough of Brookhaven approved and ratified Defendant Vice's final decision making authority regarding Police Department conduct, official policy and officer training by approving the continued use of VIPR without any guardrails, policy or procedure regarding its lawful use.

40.     Similarly, Defendant Vice was a final policymaker on behalf of the Borough of Brookhaven with regard to the policies and procedures of Brookhaven regarding all functions of its Police Department through the Borough's official acts and via its longstanding customs.

41.     On April 18, 2024, Defendant Vice was placed on administrative leave and was directed to surrender his weapon, badge and Borough-issued mobile phone to a member of the Brookhaven Police Department.

42.     Instead of doing so, Defendant Vice restored his Brookhaven-issued mobile phone to "factory settings" effectively wiping the phone clean of all information contained therein.

43.     Defendant Vice resigned his position as Chief of Police on September 9, 2024.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of Civil Rights – 42 U.S.C. § 1983**
**(Fourth and Fourteenth Amendments – Unlawful Seizure, Retaliation and Unconstitutional Policy, Practice or Custom)**

44.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

45.     Defendants acted under the color of law and under the authority of one or more interrelated *de facto* policies, practices and/or customs of Brookhaven Borough and Defendant Vice, to violate Plaintiff's rights as set forth above.

46.     Defendants, through its Police Chief and Police Department has interrelated unconstitutional *de facto* policies, practices, and/or customs which include, *inter alia*:

   a. Defendants' policies, procedures, and practices for protecting the constitutional rights of its citizens from stalking using law-enforcement-only VIPR technology for unauthorized purposes did not exist and were therefore constitutionally deficient, and were the cause of the violations of Plaintiff's constitutional rights.

   b. Therefore, Defendants' policies, procedures and practices regarding the unauthorized use of VIPR fail to hold officers to a standard of policing that prioritizes constitutional protections from unlawful search, stalking, seizure and arrest.

   c. Defendants' policies, procedures and practices regarding the unauthorized use of VIPR fail to adequately mandate guardrails for officers to ensure only authorized use for constitutional police business.

   d. Defendants' policies, procedures and practices regarding the unauthorized use of VIPR fail to hold officers accountable for violating the law and the constitutional protections of Brookhaven citizens.

   e. Defendant Borough of Brookhaven has promulgated, encouraged and enforced de facto policies procedures and customs that encourage Brookhaven Police Officers to disregard constitutional protections against

the use of VIPR in violation of their Fourth and Fourteenth Amendment Rights.

f. Defendant Borough of Brookhaven failed to supervise the Police Department and its officers and to hold them accountable for maintaining the constitutional rights of Brookhaven citizens, including Plaintiff, by failing to promulgate or enforce appropriate training, supervision, and accountability of officers to ensure they respect the rights of individuals such as the Plaintiff.

47. Defendant, Brookhaven Borough has demonstrated a pattern of deliberate indifference to foreseeable constitutional violations arising from known unauthorized use of VIPR by knowingly refusing to control the unconstitutional conduct of Defendant Vice and the Police Department.

48. Defendants, through its police department and Chief Vice, violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures by initiating a traffic stop without probable cause or reasonable suspicion.

49. Defendants further violated Plaintiff's First and Fourteenth Amendment rights by engaging in retaliatory conduct against an elected official in response to perceived political or personal disputes.

50. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

51.    As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

## COUNT II – 42 U.S.C. § 1983
### Violation of the First Amendment

52.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

53.    Both Defendants violated Plaintiff's First amendment right by retaliating against Plaintiff due to his status as Borough Council President and due to his recent votes against a Police Department pay increase.

54.    Defendants retaliated against Plaintiff due to Plaintiff's conduct in investigating dramatically increased DUI arrests by Brookhaven Police, towed vehicles from DUI arrests, and the eventual dismissal of the criminal prosecutions by courts and Delaware County prosecutors.

55.    More particularly due to certain of Plaintiff's decisions made as Council President which impacted the Police Department and Chief Vice personally.

56.    The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

57.    As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

### COUNT III – 42 U.S.C. § 1983
### Violation of the Fourteenth Amendment

58.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

59.     Both Defendants, violated Plaintiff's Fourteenth Amendment rights in an arbitrary and malicious manner.

60.     Defendants deprived Plaintiff of his liberty.

61.     Defendants deprived Plaintiff of the right to be treated equally under the law as would any other similarly situated citizen.

62.     Defendants intentionally retaliated against Plaintiff due to his status as Borough Council President.

63.     The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

64.     As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

### COUNT IV – 42 U.S.C. § 1983
### Defamation/Stigma-Plus

65.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

66.     Both Defendants, falsely accused and defamed Plaintiff by stating Plaintiff committed the offense of Driving Under the Influence of alcohol when no such offense occurred and when Plaintiff was charged with no crime.

67.     Defendants intentionally falsely stigmatized Plaintiff online and in news sources with the intent to damage his reputation, political career and standing in the community.

68.     Plaintiff has suffered stigmatization, defamation, reputational injury, and loss of standing in his community as a result of Defendants intentional actions.

69.     Plaintiff has suffered a material state-imposed burden and alteration of his status and rights in his professional and personal status and positions.

70.     The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

71.     As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

72.     More particularly, as a result of Defendants' conduct, Plaintiff's reputation and standing in the community was damaged to such an extent that he lost the November 2025 election for Brookhaven Mayor.

## COUNT V – 42 U.S.C. § 1983
### Conspiracy

73.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

74.     Both Defendants conspired to unlawfully stop, arrest, and defame Plaintiff in violation of his constitutional rights.

75. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

76. As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

## COUNT VI – 42 U.S.C. § 1985(3)

77. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

78. Both Defendants conspired to unlawfully stop, arrest, and defame Plaintiff, a local official, in violation of his constitutional rights.

79. The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

80. As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

## COUNT VII – 42 U.S.C. § 1986

81. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

82. Both Defendants conspired to unlawfully stop, arrest, and defame Plaintiff, a local official, in violation of his constitutional rights.

83. Defendant Brookhaven Borough and its policymakers knew of the conspiracy and had power to prevent it but failed, neglected and refused to do so.

84.     The conduct described herein was undertaken under color of state law and pursuant to official custom, policy, or practice of Defendant Brookhaven Borough, or with its knowledge and acquiescence.

85.     As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiff suffered harm, including emotional distress, reputational damage, invasion of privacy, and other injuries.

## DAMAGES

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered emotional distress and humiliation; loss of reputation and standing in the community; fear, anxiety, and invasion of privacy; and financial and political harms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant;
2. Award compensatory damages in an amount to be determined at trial and in an amount in excess of the limits of compulsory arbitration;
3. Award punitive damages against Defendant for willful and malicious misconduct;
4. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
5. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

KENNETH R. SCHUSTER & ASSOCIATES, P.C.

/S/ Justin M. Bernstein
JUSTIN M. BERNSTEIN, ESQUIRE
Attorney for Plaintiff, Terry Heller
334 W. Front Street

Media, PA 19063
PA ID: 314029

LAW OFFICES OF MARK P. MUCH, P.C.

*/S/ Christopher R. Boggs*
CHRISTOPHER R. BOGGS, ESQUIRE
*Attorney for Plaintiff, Terry Heller*
341 W. Baltimore Avenue
Media, PA 19063
PA ID: 307771

Date: December 12, 2025