IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY P. HELLER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 25-5550 |
| | : | |
| BROOKHAVEN BOROUGH, | : | |
| MICHAEL L. VICE | : | |

## ORDER

**AND NOW**, this 11th day of February 2026, upon considering Defendant Borough's Motion to dismiss (ECF 19), Defendant Vice's Motion to dismiss (ECF 20), Plaintiff's Oppositions (ECF 21, 26), and for reasons in today's accompanying Memorandum, it is **ORDERED** we **GRANT in part** Defendant Borough's Motion (ECF 19) and Defendant Vice's Motion (ECF 20) requiring we:

1.    **ALLOW** Plaintiff to proceed into discovery against:

    a.    Both Defendants under his Fourth Amendment unreasonable search claim based on the officers' March 8, 2024 searches of Plaintiff's license plate location in the VIPR system;

    b.    Defendant Vice under his Fourth Amendment unreasonable seizure claim and section 1983 conspiracy (with other unnamed officers) to violate Plaintiff's Fourth Amendment rights as to the unreasonable seizure claim;

2.    **DISMISS** with prejudice Plaintiff's:

    a.    Official capacity claims against Chief Vice;

    b.    First Amendment claim based on an alleged protected activity of voting against a pay raise as a council member against both Defendants;

c.    Sections 1985 (3) and 1986 claims against both Defendants;

3.    **DISMISS** without prejudice Plaintiff's:

a.    First Amendment retaliation claim based upon Plaintiff's investigative or citizen activity;

b.    Fourteenth Amendment equal protection claim based on his status as borough council president or his status as a resident and motorist;

c.    Defamation claim;

d.    Municipality liability claims against the Borough on all claims other than the Fourth Amendment unreasonable search claim proceeding into discovery under this Order;

4.    **GRANT:**

a.    Plaintiff leave to file a second amended Complaint pleading the remaining claims and curing pleading deficiencies as to claims dismissed without prejudice if possible consistent with Rule 11 by either **February 23, 2026** or, if he chooses, through filing an amended Complaint consistent with the leave granted in our scheduling order entered after our initial pretrial conference in early March 2026; and,

b.    Defendants leave to answer the remaining claims from the Complaint (ECF 1) under this Order by no later than **February 27, 2026** absent an earlier filed second amended Complaint.

_____
**KEARNEY, J.**

2